(No. 36414.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES YOUNG, Plaintiff in Error.

*Opinion filed May 25, 1962.*

RONALD J. ARONBERG, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This case is here on a writ of error to review a judgment of the criminal court of Cook County, finding the defendant, James Young, guilty of the crime of robbery, after a trial without a jury.

The sole contention upon this writ of error is that the State failed to establish the defendant's guilt beyond a reasonable doubt. The victim of the robbery, William Denny,

testified that at about 4:00 A.M. he was parking his car on the east side of Michigan Avenue in the 4600 block. He testified that as he was rolling up the windows of his car, two men approached the car. One of the men, identified as Estory Simon, approached the left front door and the other man, identified as the defendant, approached the right door. Simon demanded that Denny give him his money and Denny pretended to be drunk and stated that he didn't have any money and told them that if they didn't believe him that they could look through his wallet. He then handed his empty wallet to Simon and after Simon had examined it he handed it back to Denny and asked Denny whether he had any money in his pockets. Denny claimed that he didn't have any money, and at that time both Simon and the defendant opened the doors and Simon searched Denny and took $11 or $12 from his pocket. Denny told Simon that he didn't know that he had any money and, still feigning drunkenness, he told Simon to go ahead and get "the whiskey" and he would wait here until he got back. Simon told him that he would be right back with the whiskey. Denny testified that the men then walked south on Michigan Avenue and turned left on Michigan and proceeded east on 47th Street. Denny testified that he followed them in his car and when the two men were crossing 47th Street he intercepted them with his car. Denny jumped out of the car and flagged down a passing police car and told the police officer that the two men had held him up. The men both denied the accusation and showed the officer that they each had about $70 or $80 of their own.

On cross-examination Denny was asked whether he heard the two men tell the officer that they had just helped a blind man across the street. He denied hearing any such conversation and denied seeing a blind man in the vicinity where he had intercepted the defendant and Simon. Denny testified that he had had two drinks during the course of the evening but that he was not intoxicated. He testified that he

pretended to be drunk, hoping that he could prevent the robbery and also in order to prevent the men from attacking him.

Police officer Clarence Edmondsen testified that at the time of these events he was driving east on 47th Street and that while he was stopped at the intersection of 47th and Michigan, he observed Denny's car coming south on Michigan and saw it make a turn east. Denny's car had no lights, which attracted the officer's attention, and he proceeded across the street in his patrol car to investigate. At that time Denny jumped out of the car and flagged the patrol car down and told the officer that the two men had just robbed him. The officer testified that the men denied the accusations and said that they had never seen Denny before. They told him they had been driving their car east on 47th Street when they saw a blind man at the intersection of 47th and Michigan. They parked their car about 25 feet east of Michigan Avenue on 47th Street and got out of the car and went back to the corner to help the man across the street. They were in the process of returning to their car when Denny pulled around the corner and intercepted them. According to the officer, Simon said that rather than have any trouble with Denny he would be willing to give him the amount he claimed he lost.

For the defense the defendant testified that he and Simon and Mrs. Simon were driving east on 47th and that when they crossed Michigan Avenue they saw a man down on all fours. Simon suggested that they get out and help the man so they carried the man across the street and stood him up against a wall at which time they observed that he was blind and also intoxicated. When they started back to the car Denny pulled around the corner· and almost ran over them. Denny accused them of robbing him and they each denied the charge and told Denny that he was drunk and didn't know what he was saying. At about that time the officer arrived and they again denied the charge. The de-

fendant testified that he told the officer that he and Simon had helped a blind man across the street and pointed this man out to the officer.

Simon's testimony was substantially the same as the defendant's and Mrs. Simon confirmed their testimony that they had stopped the car and gone back to help a man who was lying in the street. She testified that she had been with the defendant and Simon during the evening and that they had never been in the 4700 block on Michigan Avenue and that they had not robbed Denny.

In rebuttal, Officer Edmondsen testified that the defendant and Simon had accused Denny of being intoxicated, but that in his opinion Denny was not intoxicated. He also testified that the defendant and Simon had told him the story about helping the blind man but that when he looked around the scene he did not see any such person.

The sole question in this case is whether Denny was telling the truth when he testified that the two men robbed him, or whether the defendant and Mr. and Mrs. Simon were telling the truth when they testified that the defendant and Simon did not rob Denny. Questions as to the credibility of the evidence are primarily matters for the trial court to determine and the trial judge was of the opinion that Denny's testimony was more worthy of belief. Denny's testimony was sufficient to establish the guilt of the defendant beyond a reasonable doubt and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*